MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. G. P. HOSKINS.

Decided February 24, 1904.

**1.—Master and Servant—Charge—Duty to Inspect.**

In the case of a brakeman injured by the handrail on the cupola of the caboose giving way, causing him to fall to the ground, the car passing over his hand, it was not error, as on the weight of evidence, to charge that he had a right to assume that the handrail was in a reasonably safe condition and was not required to inspect the same; if defendant desired the issue raised as to whether the general condition of the car was such as to charge plaintiff with the particular defect causing his injury, he should have requested a charge submitting such issue.

**2.—Same—Contributory Negligence—Question of Fact.**

The question of contributory negligence is one of fact for the jury and the court properly refused a peremptory instruction that appellant was guilty of negligence, as a matter of law, in attempting to leave the top of the caboose while the car was in motion.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*T. S. Miller* and *Head & Dillard,* for appellant.

*W. J. Mathis* and *Wolfe, Hare & Semple,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against the Missouri, Kansas & Texas Railway Company of Texas and the Missouri, Kansas & Texas Railway Company to recover damages for personal injuries alleged to have been caused him by the negligence of the railway companies while he was employed in their service as a brakeman. The defendants answered by a general denial, pleas of assumed risk, and contributory negligence. The case was tried by a jury and the trial resulted in a judgment in favor of the plaintiff against the Missouri, Kansas & Texas Railway Company for $8000, and against the plaintiff in favor of the Missouri, Kansas & Texas Railway Company of Texas. This appeal is by the company against whom the judgment was rendered.

*Conclusions of Fact.*—On the night of October 16, 1901, the appellee, while in the employ of appellant as a brakeman, and in pursuance of the duties of his employment, was on top of a caboose engaged in piloting one of appellant's trains which was being backed through its yard at Denison, Texas. It was an ordinary caboose of the company, with a cupola with steps leading to it from the inside. A railing was around the top edge of the cupola on the outside, which is used as a hand-hold in getting in and out. There were two sliding windows about sixteen by twenty inches, just large enough for a man to pass in and out of the cupola. In getting out of the cupola one catches hold of the railing around its top and pulls himself up; in getting in he catches the railing and swings down, feet foremost. The railing or hand-hold on

the cupola of the caboose on top of which appellee was in the performance of the duties of his employment at the time of the occurrence of the accident hereinafter narrated, which caused his injuries, was, through the negligent failure of the appellant to use ordinary care to keep such railing or hand-hold reasonably safe for the use of its employes in getting in and out, not reasonably safe for such use of its employes. Such unsafe condition resulted from the screws with which the wood to which the railing or hand-hold was fastened being worn and old. Such defective and unsafe condition the appellant could and would have known had it exercised such care as an ordinarily prudent person would have used under the same or similar circumstances to discover such defective and unsafe condition. The unsafe and defective condition of the railing or hand-hold was not known to appellee; nor apparent to ordinary observation.

As the train to which the caboose was attached, that appellee was on top of, passed some trees he saw the track was clear and prepared to go inside the caboose through the window of the cupola for the purpose of putting away the lights and taking down the markers before going to his home. To get inside, he took hold of the railing or hand-hold on top of the cupola preparatory to swinging himself in the usual and customary manner; but when he put his weight upon the railing it pulled loose and he fell backwards from the caboose, striking a tree near the track, which caused his left hand to be thrown under the car, which was so mashed and mangled by its wheels as to necessitate its amputation. The injury thus sustained by the appellee was proximately caused by the negligence, before stated, of appellant, and not through any risk assumed by him ordinarily incident to his employment, nor was he guilty of any negligence proximately contributing to his injuries. By reason of the injuries so caused by the negligence of appellant appellee has been damaged in the amount assessed by the jury.

*Conclusions of Law.*—The third paragraph of the court's charge is as follows: "It was the duty of plaintiff to exercise ordinary care and prudence in the performance of his duties, to avoid injury to himself; and if he failed to exercise such care, and thereby caused or helped to cause his injuries, he was guilty of contributory negligence and is not entitled to recover any damages on account of such injury. Plaintiff was not required, however, under the law, to inspect said hand-hold for the purposes of ascertaining its condition, but had the right to assume that same was reasonably safe for him to use in performing the duties required of him with a reasonable degree of safety."

The last sentence of the paragraph is complained of as error, the proposition asserted under the assignment being as follows: "The charge complained of was upon the weight of the evidence as applied to the facts of this case, there being evidence which tended to show that the caboose and cupola upon which plaintiff was injured were in an old

and dilapidated condition generally and that plaintiff had notice of this fact, and under these circumstances it was for the jury to say whether or not plaintiff had the right to assume without inspection that the hand-hold was reasonably safe."

The sentence complained of is a well established principle of law repeatedly held applicable to cases of this character. Missouri K. & T. Ry. Co. v. Hannig, 91 Texas, 347, 43 S. W. Rep., 508; Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287, 42 S. W. Rep., 971; Texas & P. Ry. Co. v. O'Fiel, 78 Texas, 486, 15 S. W. Rep., 33; San Antonio & A. P. Ry. Co. v. Engelhorn, 24 Texas Civ. App., 324, 62 S. W. Rep., 661; Southern P. Co. v. Winton, 27 Texas Civ. App., 503, 66 S. W. Rep., 481; Galveston H. & S. A. Ry. Co. v. Davis, 27 Texas Civ. App., 279, 65 S. W. Rep., 217; San Antonio & A. P. Ry. Co. v. Lindsey, 27 Texas Civ. App., 316; Galveston H. & S. A. Ry. Co. v. Abbey, 29 Texas Civ. App., 211, 68 S. W. Rep., 293; Galveston H. & S. A. Ry. Co. v. Buch, 27 Texas Civ. App., 283, 65 S. W. Rep., 681; Galveston H. & N. Ry. Co. v. Newport, 26 Texas Civ. App., 657; Missouri K. & T. Ry. Co. v. Blackman, 74 S. W. Rep., 74; Finnerty v. Burnham (Pa.), 54 Atl. Rep., 996; Whitaker's Smith on Neg., p. 155, and authorities cited in note d, p. 157; Texas & P. Ry. Co. v. Archebold, 170 U. S., 655, 42 L. Ed., 1188; Railway Co. v. McDade, 191 U. S., 48, L. Ed., 24; Railway Co. v. Wade, 45 S. E. Rep., 915. The evidence is not such in this case as would make the principle enunciated a charge upon its weight. It being a correct proposition of law, appellant should, if it desired it presented, have requested a charge submitting the issue as to whether the general condition of the car was such as might charge appellee with knowledge of the particular defect which caused his injury. Texas & P. Ry. Co. v. Eberheart, 91 Texas, 321.

The question of contributory negligence was one of fact to be determined by the jury, and it was not error for the court to refuse appellant's peremptory instruction to the effect that appellee was guilty of negligence as a matter of law in attempting to leave the top of the caboose while the train was in motion.

Special charge number 5, made the basis of the third assignment of error, took the question of contributory negligence from the jury and required a verdict for the appellant if they believed in the performance of his duties appellee should have remained on top of the caboose as long as the train was in motion, regardless of whether he was negligent or not. The undisputed evidence shows that he had fully discharged the duty which he went on top of the car to perform when he endeavored to descend to the inside of the caboose.

The charge of the court, when taken and considered as a whole, fully and fairly presents every issue and phase of the case to the jury and the evidence amply supports the verdict. The judgment is affirmed.

*Affirmed.*