## EL PASO AND SOUTHWESTERN RAILWAY COMPANY v. H. D. VIZARD.

### Decided May 24, 1905.

**1.—Personal Injuries—Pleading—Particularity.**

Petition in an action for personal injuries held to describe the injuries and suffering of plaintiff with sufficient particularity as against special exceptions thereto.

**2.—Depositions—Copy—Certification by Clerk.**

The statute does not require that the copy of the notice of taking a deposition which is made by the clerk and served upon the opposite party shall be certified to by the clerk. Rev. Stats., art. 2274.

**3.—Master and Servant—Inspection—Arizona Statute.**

The sections of the Arizona statutes adopting the common law and making corporations liable for negligent injury to servants (Rev. Stats., Ariz., 1901, arts. 2533, 2767) do not change the common law rule imposing on the master the duty of inspection and making him responsible for the negligence of an inspector to whom he delegates the duty, although the inspector and the injured party are fellow servants.

**4.—Same—Negligence in Inspection—Question for Jury.**

The question as to whether there was a negligent inspection, or a failure to inspect, was one of fact for the jury, notwithstanding the inspector testified that he made the proper inspection.

**5.—Same—Duty of Servant to Inspect.**

The servant has the right to rely upon the assumption that the machinery, tools and appliances with which he is to work are reasonably safe, and he is not required to use ordinary care, by inspection, to see that they are safe.

**6.—Same—Negligence of Servant—Charge.**

In an action by a brakeman for injuries resulting from his falling from the side of a moving car in attempting to mount it, a hand-rail having given way, it was error for the charge to submit to the jury as a question of fact whether negligence on the part of plaintiff in attempting to mount the car as he did contributed to his injury.

**7.—Same—Assumption of Risk.**

Where the master seeks to escape liability on the ground that the servant assumed the risk, he must show that the servant understood and appreciated

the risk, since without this his mere knowledge of the danger will not preclude him from recovering.

#### 8.—Same—Inspection—Negligence—Jury Question.

Where a car had been moved from one place to another between the inspection and the injury, caused by a handhold giving way, and it was shown that the nuts on the handhold fastenings might become loose in running that distance, it was a question for the jury whether the railroad fulfilled its duty in properly inspecting the car the day before the injury.

Appeal from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

*Patterson, Buckler & Woodson,* for appellant.—1. Plaintiff's allegations of his injuries and suffering were too general and not sufficiently specific to apprise defendant how to prepare its defense. San Antonio & A. P. Ry. Co. v. Adams, 6 Texas Civ. App., 107; City of Marshall v. McAllister, 43 S. W. Rep., 1043; Missouri, K. & T. Ry. Co. v. Cook, 27 S. W. Rep., 769; Southern Pacific Co. v. Martin, 83 S. W. Rep., 675, and cases cited; Texas & P. Ry. v. Curry, 64 Texas, 87; Houston Electric Co. v. McDade, 79 S. W. Rep., 100; Campbell v. Cook, 86 Texas, 632, 633; Missouri, K. & T. Ry. Co. v. Follin, 68 S. W. Rep., 812; 16 Eng. Ency. Pl. & Pr., p. 377, and cases cited.

2. The amended return of the notice to take deposition was not sufficient in that it does not show that a certified copy of the notice of filing was served on defendant, and the officer's return that he delivered a copy which was not certified to was one which he had no right to make. A copy means "a true transcript of an original writing," and under article 2274, Revised Statutes, means necessarily an official copy, or an authenticated copy. Dickinson v. Chesapeake, etc., R. R. Co., 7 W. Va., 390-412; Muirhead v. United States, 13 Ct. Claims, 251-256; see definition of "copy" Bouvier's Law Dict.

3. As the undisputed evidence shows that the plaintiff and the inspectors were employes of defendant, and there was no pleading or evidence that the defendant had previous notice of the incompetency, carelessness, or negligence of the inspectors or inspector under the statute of Arizona introduced in evidence, the court should not have charged the jury that defendant was liable for the negligence of its inspectors or inspector, who were fellow servants of plaintiff. Farmer v. St. Croix Power Co., 93 N. W. Rep., 833, 834, showing the meaning of the word "employe;" Ballard v. Mississippi Cotton Oil Co., 62 L. R. A., 407; Palmer v. Van Santvoord, 153 N. Y., 612 (38 L. R. A., 402); see definition of "employe," 11 Am. & Eng. Ency. Law (2d ed.), p. 5, and cases cited.

4. The trial court erred in the fourth subdivision of the 10th paragraph of its general charge, after referring to the plaintiff's attempt to get aboard or catch upon the side of the water car while the same was moving, and after requiring the jury to find that in attempting to catch upon the side or get aboard of the water car in the place or in the manner he attempted to do so, the plaintiff was guilty of negligence, in further requiring the jury to find that such negligence proximately contributed to cause his injury, as under the circumstances shown by the evidence, if the plaintiff were guilty of negligence in

the manner mentioned such negligence necessarily contributed to plaintiff's injury. Texas & P. Ry. Co. v. McCoy, 90 Texas, 265, 266; Gulf, Colorado & S. F. Ry. Co. v. Roland, 90 Texas, 370; Ebert v. Gulf, C. & S. F. Ry. Co., 49 S. W. Rep., 1105; Gulf, C. & S. F. Ry. Co. v. Bryant, 66 S. W. Rep. 808; Culpepper v. International & G. N. R. R. Co., 90 Texas, 634; Railway Co. v. Keill, 70 S. W. Rep., 103-107; Railway Co. v. Hubbard, 70 S. W. Rep., 112.

5. Rule No. 202 introduced in evidence was a reasonable one, and as it made it plaintiff's duty to exercise reasonable care in examining the water car, if he did not exercise such care, and through such failure he was injured, he should not have been allowed to recover. Scott v. Eastern Ry. Co., 95 N. W. Rep., 892, 14 American Negligence Reports, 373-381, and the great number of cases cited; see, also, Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 628.

*Patterson & Wallace,* for appellee.—1. The court did not err in overruling defendant's special exceptions to the petition, for the reason that plaintiff, in his trial amendment, set out the specific injuries received by him as near as he was able to do so, with such particularity and accuracy as the circumstances of the case permitted him to do. San Antonio Railway Co. v. Muth, 27 S. W. Rep., 752; Railway Co. v. Huff, 32 S. W. Rep., 551; City of Dallas v. Jones, 54 S. W. Rep., 608.

2. The court did not err in charging that plaintiff and defendant's car inspectors were not fellow servants, for the reason, that the common law, as interpreted by the decisions and practice of the United States Supreme Court, is the prevailing doctrine of Arizona, and under the common law and the Federal decisions, plaintiff and the car inspectors were not fellow servants, and the acts of the car inspectors were the acts of the company. Railway Co. v. McGill, 44 Pac. Rep., 303; Railway Co. v. Dunham, 49 Texas, 181; Hough v. Railway Co., 100 U. S., 213; Mining Co. v. Jones, 130 Fed. Rep., 813.

NEILL, ASSOCIATE JUSTICE.—This is a suit by appellee to recover damages for personal injuries alleged to have been caused by the negligence of appellant while he was engaged in its employ as a brakeman on its road at Osborne, Arizona. He alleged that while in the discharge of the duties of his employment he fell from the side of a water car by reason of the negligence of defendant in maintaining thereon a defective hand railing which gave way in his effort to board and hold on thereby the car in question.

After interposing eight special exceptions, which will be noticed in our opinion, the defendant answered by a general denial and pleas of contributory negligence and assumed risk. The exceptions were overruled and the trial of the case before a jury resulted in a verdict in favor of the plaintiff for $9,000. From the judgment entered on the verdict this appeal is prosecuted.

*Opinion.* The first eight assignments of error are directed against the action of the court in sustaining defendant's special exceptions to plaintiff's petition. The substance of these exceptions is that the peti-

tion does not describe the physical injuries and suffering of plaintiff therefrom with sufficient particularity. In his original petition his injuries and the effect thereof are thus described: "Plaintiff avers and charges that when said handrail or handhold pulled loose and gave way, he was thrown and fell with great force and violence and struck his back and spine on the ends of some ties and cribbing, which was built near the tracks at this place, on which was situated a water tank; that on account of the fact of striking on the ends of some ties, he was then thrown and fell to the ground, and by reason of said fall, together with striking his back on the sharp end of some railroad ties and on the ground and other hard substances, he was greatly, seriously and permanently injured in his back, spine, legs, head and internal organs, and rendered a cripple for life; that by reason of the aforesaid injuries he is now confined to his bed, unable to walk, and he has reason to believe and does believe and here alleges that said injuries are permanent; that on account of the aforesaid injuries he has suffered and will continue to suffer during the remainder of his life great bodily pain and mental anguish, has paid out and incurred large sums of money for medicine and medical attention which sums were reasonable and necessary, and that his ability to earn a living, on account of the aforesaid injuries, has been greatly impaired and will so continue impaired during the remainder of his life."

And in his trial amendment he further describes them as follows: "That when said handrail or handhold pulled loose and gave way, he was thrown and fell with great force and violence and struck his back and spine on the end of some ties or cribbing built and maintained by defendant near the track, at the place where said accident occurred; that when he fell and was thrown from said car and after his back and spine had come in contact with the aforesaid ties or cribbing, he then was thrown and fell to the ground, and by reason of his fall and great weight, together with striking his back and spine on the ends of said ties or cribbing and other hard substance, as he fell to the ground, he was seriously and permanently cut, bruised and wounded both internally and externally in and on his back, spine, legs, hips and head; that also in said fall and by reason of the bruises, injuries and wounds received on his back, spine, and legs, his kidneys and bladder, together with the nerves and muscles by which the same are controlled, was seriously and permanently injured and affected, a more specific allegation of his injuries to his back, spine, legs, head, hips, kidneys and bladder, plaintiff is now unable to specify, other than that by reason of said injuries received at said time, he is now a cripple for life; that on account of said injuries, and more especially the injuries to his back, spine, legs, bladder, hips and kidneys, he is now confined to his bed, unable to walk without assistance; that he has reason to believe and does believe and here alleges that the aforesaid injuries to his back, spine, legs, hips, kidneys and bladder are serious and permanent and will continue serious and permanent the remainder of his life."

We think the allegations thus recited (especially those in the trial amendment) conform to the rule in cases of this character which requires the plaintiff to state the particular damage which he has sustained with sufficient particularity to inform the defendant of the facts

upon which he intends to rely for recovery. This is all that could be required of plaintiff in this case. Texas & P. Ry. Co. v. Curry, 64 Texas, 87; Campbell v. Cook, 86 Texas, 632; Southern Pac. Co. v. Martin, 98 Texas, 322, 83 S. W. Rep., 676.

It is to be observed that there is no contention on the part of defendant, as was in the case last cited, that the allegations were not sufficiently specific to authorize the introduction of all the evidence offered by plaintiff to prove them; but the complaint is to the sufficiency of the petition as against the exceptions urged. The allegations described, if possible, with more minutiae plaintiff's physical injuries and consequent sufferings than is done in the case of Southern Pacific Co. v. Martin, supra. And in that case the Supreme Court remarked that "the petition entered with a remarkable peculiarity into the statement of the various injuries which the plaintiff claimed to have received in the accident, which were sufficient in number and character to justify, if true, the statement that he was 'bruised and lacerated from head to foot.'" However, notwithstanding the minutiae with which Martin's injuries were described in his petition, the court held that evidence of a certain injury, not *eo nomine* mentioned in the petition, was erroneously admitted; and for that reason, not because of any defect in the petition, reversed the judgment rendered in his favor. Without pausing to criticise or comment upon such holding of the Supreme Court in that case, it may be, in view of another trial, proper to suggest that, while we believe every syllable of evidence introduced in the instant case by plaintiff as to his injuries was authorized by his pleadings, it might be well for plaintiff by an amendment to allege and describe with as much minutiae as possible, the injury to his sciatic nerve, evidence of which was introduced upon the trial.

The defendant moved to quash the depositions of the witness R. A. Eubank, taken by plaintiff, upon the ground that the commission was issued without any legal return showing the service of notice to take such depositions. It appears from the record that the plaintiff filed with the clerk of the District Court in which this case was pending, notice of his intention to apply for a commission to take the answers of the witness Eubank to interrogatories attached to said notice, in compliance with the provisions of article 2274, Revised Statutes; that upon the day such notice and interrogatories were filed, the clerk of the court made copies thereof and issued his precept, and placed it, together with said copies, in the hands of the sheriff, requiring him to serve the same upon the defendant or its attorney of record as required by the article referred to, and that such copies of the notice and interrogatories was served by the sheriff upon the defendant as required by law by delivering such copies, together with a true copy of the precept, to its local agent in El Paso County. The real objection urged by defendant in its motion to quash the depositions, is that the copy of the notice of plaintiff's intention to apply for a commission to take the answers of the witnesses to the interrogatories attached was not certified to by the clerk of the District Court who made such copy, as well as the copy of the interrogatories, and delivered the same with the precept to the sheriff for services. There is no force in this objection, for the law does not require that the copy of such notice

served on the adverse party should be certified to by the clerk.   Service of a copy was all that was required, and there is no contention on the part of defendant that it was not served with a true copy thereof as is shown by the sheriff's return on the precept.   Therefore the court did not err in overruling defendant's motion to quash the depositions.

As we will reverse the judgment on other assignments it will be unnecessary, if not improper in view of another trial, to discuss the twelfth assignment of error which complains of the court's refusing to grant defendant's motion for a new trial upon the ground that the verdict is excessive.

To understand the next assignments and what we shall say in disposing of them it will be necessary to briefly state some of the evidence pertinent to them.   It will be observed from the statement of the nature of the case that the accident from which plaintiff claims he was injured occurred at Osborne, Ariz.   On the day of its occurrence he was a brakeman on a freight train which picked up a water car on a side track at that place.   It was an ordinary flat car with a large metallic tank, such as is ordinarily seen and used on railroads, securely fastened thereon.   On each side of the car were seven wooden standards about three feet long through which were bored holes about six inches from the top ends through which an iron rod about three-fourths of an inch in diameter extended from one end of the car to the other.   The distance from this rod from the ground was about seven feet.   The rod was fastened at each end on the outside of the standards by iron nuts screwed thereon.   The evidence tends to show that the nut of the end of the rod at the southwest corner of the car as it stood upon the truck at the time of the accident, was off.   There is a conflict in the testimony as to the office or use of this rod; some of the witnesses testifying that its purpose was to enable trainmen or brakemen to mount and hold on to the car and that it was ordinarily used for such purpose, and, when in proper fix; it was reasonably safe for such use; others testified that it was intended for no such purpose or use, and that such use would be fraught with exceeding danger, and its only office was to furnish a handhold for trainmen in passing from one car to another when the train was in motion.

This car, as all water cars on defendant's road, had a stirrup on the southeast corner as it then stood on the track, and one on the northwest corner diagonally opposite.   The stirrup extended down from a foot to sixteen inches from the platform at the corner, and at the right end of each corner mentioned there was a grabiron on the end of the car just to the right of the stirrup, and one also on the standard just to the left of the stirrup.   There was testimony to the effect that the proper and usual way for a brakeman or trainman in getting on the car, was to catch hold of the grabiron and put his foot in the stirrup so as to hold himself on.   And there was testimony to the effect that plaintiff should have pursued this method of getting on the car.   But according to his testimony, after the water car was picked up and as it passed him moving easterly, he caught hold of the rod before mentioned at the southwest corner and placed his foot on the journal, which is a part of the truck, and just as he pulled himself

up the rod pulled out of the standard and he was thrown and fell backward on the end of some ties or cribbing.

Defendant's car inspector testified that on the afternoon of the day before the accident, he inspected the car in question at Douglas, and put a new washer and nut on the southeast corner, and with that exception there was nothing whatever wrong about the car; that his attention being directed to the car on the afternoon of the day after he inspected it, he found the hand rail at the southwest corner of the car a little swagged and the nut off of its end.

Article 2533, Revised Statutes of Arizona, is as follows: "The common law as now prescribed and understood, shall in its application be followed and practiced by the courts of this Territory, so far as the same may not be inconsistent with this title."

And article 2767, adopted in March, 1901, is as follows: "Every corporation doing business in the Territory of Arizona shall be liable for all damages done to any employe in consequence of any negligence of its agents or employes to any person sustaining such damage, provided such corporation has had previous notice of the incompetency, carelessness or negligence of such agent or employe."

In the fifth paragraph of its charge the court instructed the jury that the car inspectors employed by the defendant company were not the fellow servants of plaintiff, but that the acts or omissions of such car inspectors, if any, would be the acts or omissions of the defendant company.

The defendant, by its attorneys, requested the court to instruct the jury that under the provisions of article 2767, Revised Statutes of Arizona, plaintiff and defendant's car inspectors were employes of defendant at the time of the accident; and if plaintiff was injured through the negligence of any car inspector of defendant, to return a verdict in its favor. The giving of the fifth paragraph of the court's general charge and the refusal to give defendant's special charge above referred to, are assigned as errors.

At common law the master is personally bound from time to time to inspect and examine all instrumentalities furnished by him, and to use ordinary care, diligence and skill to keep them in good and safe condition. The duty of inspection is affirmative and must be continuously fulfilled and positively performed. It being a duty devolving upon the master personally, it can not be by him delegated to any agent so as to relieve him from personal responsibility. A car inspector is the master's *alter ego,* and his failure to exercise ordinary care in inspecting and examining instrumentalities furnished by him to his servants with which to do their work, is negligence of the master, and not the negligence of a fellow servant. (Shearman & Redfield, Neg., secs. 194a, 204, 205.)

Though plaintiff and defendant's car inspector were each employes of the defendant, it is not believed that it was the purpose or intention of article 2767, Revised Statutes of Arizona, above quoted, to abrogate the common law principles referred to by exempting the master from the consequence of the failure of an employe to use ordinary care in the performance of a duty which is personal to the master and which he is bound to perform. But we think that the evident purpose of the

statutes was simply to abrogate the common law doctrine of a fellow servant, and hold the master, when a corporation, liable for the consequence of the negligent act of a fellow servant of whose incompetency, carelessness or negligence such corporation had previous notice.

The case of Gila Valley, G. N. & Ry. Co. v. Lyons, 71 Pac. Rep., 957, relied upon by counsel for defendant, is not in conflict with the views we have expressed. It does not undertake to construe the statute in question, but is simply a case where a servant of a railway company is injured by the negligence of a fellow servant in failing to discharge the duty not personal to the master. Therefore, we overrule appellant's thirteenth and fourteenth assignments of error.

The logical sequence of our ruling on the last two preceding assignments is that, if the handhold gave way because the nut had come off its end and its absence was due to the negligent failure of defendant's inspector to properly inspect it, appellant would be liable to plaintiff for any damages sustained as the proximate result of such negligence, unless he himself was guilty of contributory negligence. The question as to whether there was a negligent inspection, or a failure to inspect, was one of fact for the jury, notwithstanding the inspector testified that he made the proper inspection, for the jury may have not, in the light of the facts and circumstances, believed such testimony. Therefore the court did not, as is complained in the fifteenth assignment, err in submitting such question of fact to finding of the jury.

One of the principal issues in the case was whether the defendant was guilty of negligence in attempting to get on the car by catching the handrail and placing his foot on the journal or some part of the trucks, instead of using the stirrup and grabirons on the southeast corner of the car. Upon this issue the testimony is so conflicting as to make it very sharp, and difficult to determine on which side the truth lies. In submitting it the court, in the tenth paragraph of its charge, instructed the jury as follows: "If you believe from the evidence that said water car was equipped with a stirrup and handhold near one of its ends upon which plaintiff boarded it, and that the said handhold or grabiron was affixed to one of the upright posts supporting the aforesaid handrail, but that the plaintiff attempted to board said car or hold the side of same and ride at some place other than at said stirrup and grabiron, if any, and that the plaintiff, in boarding said car and catching hold of the side of same to ride, should have done so by using the said stirrup and grabiron situated upon said upright post, if any, and that his failure so to do was negligence on his part, and that such negligence, if any, caused or contributed to cause his injury, then and in that event your verdict should be for the defendant. If you believe from the evidence that the plaintiff attempted to get aboard or catch upon the side of the said water car while the same was moving, and that he was thrown or fell to the ground and was injured, but further believe from the evidence that in attempting to catch upon the side or get aboard of said car in the place or in the manner he attempted so to do, if he so did, that it was negligence on his part, and that such negligence, if any, proximately contributed to cause his injury, if any, then and in that event your verdict must be for the defendant. If you believe from the evidence that the plaintiff could have caught hold of

the engine mentioned in the evidence, or either of the box cars behind same, or the right hand of the first corner of the water car as the same approached him, or the right hand of the corner of the rear box car, as the same approached him, and that a person of ordinary prudence so situated as he was, would have so gotten a position upon the cars mentioned in the evidence, and that a person of ordinary prudence would not have attempted, as the plaintiff did, if he did, to catch the railing of the rear end of the water car, while the same was in motion, and attempted at the same time to hold himself by the use of the rear end of said handrail, and by placing his foot upon the journal box or some other part of the truck, and that the plaintiff in so doing was guilty of negligence, and that such negligence, if any, proximately caused or contributed to cause his injury, then and in that event your verdict should be for the defendant." The objection urged by appellant to this part of the charge is, that if the plaintiff was guilty of negligence in the matters submitted, such negligence necessarily, as is shown by the undisputed evidence, proximately contributed to his injuries, and the submission to the finding of the jury whether such negligence of plaintiff, if he was guilty of it, proximately contributed to his injury, was confusing and misleading and calculated to destroy the effect of the court's charge as to contributory negligence, and submitted an issue not made by the evidence, authorizing the jury to say arbitrarily that plaintiff should not be held to the consequence of his own negligence.

In view of the unbroken line of the decisions of the Appellate Courts of this State, we deem it unnecessary to discuss the assignments of error which raise this objection to the portion of the charge just quoted; it being sufficient to refer to the opinions to demonstrate that the objection is well taken. (Texas & Pac. Ry. Co. v. McCoy, 90 Texas, 265; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365; Culpepper v. International & G. N. Ry. Co., 90 Texas, 634; Ebert v. Gulf, C. & S. F. Ry., 49 S. W. Rep., 1105; Gulf, C. & S. F. Ry. v. Bryant, 30 Texas Civ. App., 4, 66 S. W. Rep., 808; Galveston, H. & S. A. Ry. v. Hubbard, 70 S. W. Rep., 112; Gulf, C. & S. F. Ry. v. Hill, 70 S. W. Rep., 103; Gulf, C. & S. F. Ry. v. Powell, 84 S. W. Rep., 671.

The court did not err in refusing to instruct the jury at defendant's request, that it was plaintiff's duty to assist the conductor in inspecting the water car, and that if by the exercise of ordinary care the plaintiff would have discovered the unsafe condition of the end of the handrail and that the nut was off, and that if through his failure to inspect and examine the car before he attempted to use the handrail he was injured, to find for the defendant.

The following quotation from Peck v. Peck, 12 Texas Ct. Rep., 785, demonstrates the fallacy in the requested charge: "In Railway v. Hannig, 91 Texas, 350, for instance, a charge was given in substance that plaintiff could not recover for the master's negligence 'if he could have known these facts by the use of ordinary care,' which might have meant to the jury that plaintiff was required to make some inquiry to learn of the danger which the master's negligence had created. In commenting on this charge, this court used this language: 'We understand the law to be that when the servant enters the employment of the master, he has the right to rely upon the assumption that the machinery,

tools and appliances with which he is called upon to work are reasonably safe and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done or not. He does not assume the risks arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks or in the ordinary discharge of his duty must necessarily have acquired the knowledge. (Citing Bonnet v. Railway Co., 89 Texas, 72; Railway v. Bingle, 91 Texas, 287.)' If this needed any elaboration it was furnished by the reference to the cases cited in that opinion from which is seen that a servant must be treated as having 'necessarily acquired knowledge' of those dangers, although arising from the negligence of the master, which were obvious and open to him in the doing of his work; which, in other words, ordinarily prudent persons would have learned under like circumstances, in the rendering same service."

The principle is well settled, that a master who seeks to escape liability to his servants on the ground that he assumed the risk as a part of his contract must lay the foundation for the defense by proving that he understood the risk, and that the mere knowledge of a danger will not preclude him from recovering unless he appreciated the risk. (Southern Pac. Co. v. Winton, 66 S. W. Rep., 477; Bonn v. Galveston, H. & S. A. Ry. Co., 82 S. W. Rep., 808; Fitzgerald v. Connecticut River Paper Co., 155 Mass., 155, 29 N. E. Rep., 469.) To have given special charge number seven, requested by defendant, would have been to ignore this principle.

Special charge number eight, requested by appellant, was directly upon the weight of the evidence, in that it declared that, if the water car was inspected in the afternoon of February 21, 1904, or before it left Douglas on the morning of February 22, 1904, by defendant's inspector, and he exercised ordinary care in the inspection and failed to discover the absence of the nut, the verdict should be for defendant. It was for the jury to say, notwithstanding such an inspection may have been made at Douglas, whether, in view of the testimony of the inspector, that a nut though securely fastened might work off in running a car the distance from Douglas to Osborne, another inspection should have been made after it reached there before plaintiff was put to work on the car. And it could not be assumed as a matter of law that such inspection as was made, though ordinary care may have been exercised in making it, at Douglas was sufficient and relieved defendant from any further inspection between the time it was made and the occurrence of the accident.

We deem it unnecessary to discuss the remaining assignments of error, but will say that we believe none of them is well taken. On account of the errors indicated in the tenth paragraph of the court's charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Writ of error dismissed.