TEXAS & NEW ORLEANS RAILWAY CO. v. MARY CROWDER ET AL.

No. 2851.

1. **Master and Servant—Negligence.** —In suit by or in behalf of a servant against the master for injuries received by the negligence of the master in the business, the true rule is that the servant seeking to recover for such injury takes the burden

upon himself of establishing negligence on the part of the master and due care on his own part.

2.  Same—Fact Case.—See facts insufficient to support a verdict for plaintiffs, and which required a charge to the jury to find for the defendant.

APPEAL from Harris.  Tried below before Hon. James Masterson.

Appellee Mary Crowder, joined by her present husband James Crowder, sued appellant for damages for its alleged negligence in causing the death of her son George Cohn, 17½ years of age, while in its employ as brakeman.

Defendant answered by general denial.

There was jury verdict and judgment for plaintiff for $1000, motion for new trial overruled, notice of appeal given, errors assigned, and case brought to this court by defendant by appeal.

Witness Eli Burge testified that he was not present at the time of the accident; got there ten or twelve minutes after it occurred; that deceased was sitting on the end of a tie on main track, about four or five feet from the track where injured (he was hurt on south track); that his left leg had been run over and cut off above the ankle; that he saw signs indicating how he was hurt; that he saw blood on the rail and tie and on the flange of the wheel of a car opposite to him and a foot track down alongside the tie and the inside of the rail; it seemed to him that it was where Cohn put his foot down inside the track between the tie and the rail.  The track of the railway was unfilled at this point; top of the tie was from eight to nine inches above the surface of the ground, and the top of the rail is five inches above the tie.  There was blood on the rail and on the tie above the foot track.  He was sitting about six feet from the footprint.  The tracks are not quite four feet apart.  He was sitting on end of tie of the other track over from where he was hurt.  There was blood on flange of one wheel near him.

Alphonse Smith testified that he "was employed as brakeman on the same train with Cohn.  Knew that Cohn was hurt by the cars on or about the 28th day of September, 1882.  He had his leg broken by the cars and could not walk."  Witness "was about two car lengths from him when he was hurt.  Went immediately to him in a hurry.  He was sitting on a tie on main track when I got to him.  He was about six or eight feet from the track on which he got hurt when I got to him.  Did not see or examine any signs at the place where Cohn was hurt.  He was hurt about 8 o'clock at night.  Could not see what Cohn was doing when he was hurt."

This was all the testimony to the injury and its surroundings.

The defendant requested a charge that the jury find for the defendant. This was refused.  This is the fourth appeal in this case.  See 61 Texas, 262; 63 Texas, 502, and 70 Texas, 222.

*W. N. Shaw* and *S. R. Perryman,* for appellant.—The true rule in

this class of cases is that "the servant seeking to recover for an injury takes the burden upon himself of establishing negligence on the part of the master and due care on his own part." Railway v. Crowder, 63 Texas, 503, 504, and authorities cited.

The evidence is insufficient to warrant the charge or support a verdict against appellant. Railway v. Crowder, 61 Texas, 262; Railway v. Crowder, 63 Texas, 503, 504; Railway v. Schertle, 2 Am. and Eng. Ry. Cases, 158; Corcoran v. Railway, 133 Mass., 507.

*F. F. Chew* and *W. P. Hamblen,* for appellees.—Without recapitulating, the statement of facts makes it clear and conclusive:

1.    That appellant employed the boy and placed him to work as switchman on the night force, where he had attended to his duties for a few days only.

2.    The track was not ballasted, and was dangerous when the boy was injured, and has since been filled in properly.

3.    He went on the watch at night in the performance of his duty, and was injured at the dangerous point on the side track where he was switching cars, and was found there immediately after he was hurt, his lantern lying near by, with evidence on the rail of his injury.

4.    The woman, appellee Mary, was entitled to his earnings, and the amount found for her, $1000, is not excessive under the proof. Railway v. Hook, 60 Texas, 403.

HOBBY, Judge.—Mary Crowder, joined by her present husband, sued appellant for damages resulting from the death of her son George Cohn, a minor, which, it is alleged, was caused by the negligence of appellant while Cohn was in its service as a brakeman. There was a verdict and judgment for appellees for $1000, from which this appeal is prosecuted. The only question raised by the assignments necessary to be considered is as to the sufficiency of the evidence to support the judgment, and whether the charge requested by the appellant, in effect instructing the jury to find a verdict for the defendant, should have been given.

Three appeals heretofore prosecuted in this cause by the appellant will be found reported respectively in 61 Texas, 262; 63 Texas, 502; and 70 Texas, 222.

With respect to the facts in this case, upon a former appeal it was said by Chief Justice Stayton that "the evidence does not show what was the action of the deceased at the time he was injured, nor so develop the facts as to show that he was in the exercise of due care;" and again, that "the true rule in this class of cases is that the servant seeking to recover for an injury takes the burden upon himself of establishing negligence on the part of the master and due care on his own part." 63 Texas, 503.

The only difference at all material between the testimony upon the

previous appeals of this cause and that contained in the record before us. is that a witness, Eli Burge, for the first time testified upon the last trial as follows: "I did not see how George Cohn was hurt. When I saw him he was sitting on the main track on the end of a tie; he was hurt on the south track. To the best of my judgment it was between ten and twelve minutes after he was hurt before I saw him. When I got to him I found. him sitting on a tie about four or five feet from where he was hurt. I suppose it was about two or three feet from one tie to another between the tracks. The rails of the two tracks were about four feet apart. His. leg was run over and cut off above the ankle. It was his left leg. I saw signs indicating how he was hurt; saw blood on the rail and tie and on the flange of the wheel of a car opposite to him, and I saw a foot. track right down alongside of this bloody tie, in the angle between this. tie and the inside of the rail. It seemed to me it was where Cohn put his foot down inside the track between the tie and rail. The track of the railway was unfilled at this point; the top of the tie was from eight to. nine inches above the surface of the ground, and the top of the rail is. five inches above the tie. There was blood on the rail and on the tie above the foot track."

No reasonable construction of this testimony as to "the facts surround-- ing and leading to the accident" will authorize the conclusion or inference that the negligence of the appellant contributed to the injury, and that there was due care exercised on the part of the injured party, which under the rule laid down in this case heretofore was held to be essential for the appellee to establish to entitle her to a recovery. See Railway v. Crowder, 63 Texas, 504, 505.

Under the facts of this case as now presented we think the charge re-- quested instructing the jury to find for the defendant should have been given; and if upon another trial the evidence is of the same character as. that now before us, a charge such as was requested in this case should be given. Because it was not given, we think the judgment should be re- versed and the cause remanded.

*Reversed and remanded.*

Adopted March 18, 1890.