Appellees sued appellant to recover damages for injuries alleged to have been sustained by Della Jamison while attempting to alight from a passenger train on appellant's road. From a verdict and judgment for the plaintiffs for $5000 the defendant has appealed.
There is conflict in the testimony; but in deference to the verdict, there being evidence to sustain it, we find, as conclusions of fact:
1. That the defendant was guilty of negligence in the manner charged in the plaintiffs' petition.
2. That neither of the plaintiffs were guilty of the contributory negligence charged against them in the defendant's answer.
3. That as a direct result of said negligence, Mrs. Della Jamison was injured in the manner alleged in the plaintiffs' petition, and that the plaintiffs have been damaged thereby to the extent of $5000.
Opinion. — The plaintiffs testified by deposition. The seventh direct interrogatory to Mrs. Jamison reads thus: "State whether or not you were hurt in attempting to get off, and if so, how? State how you happened to be hurt, state all the facts connected with it. State whether or not you fell, and what caused you to fall. State where you went after you reached your destination? State whether you left immediately for home? State whether or not you suffered any pain afterwards? If you say you suffered pain, state what caused or produced the pain? State how far you had to go before you reached home, if you reached home at all? State where your home was, how far from the depot, if you had any?"
In proper time and manner appellant moved to suppress this and similar interrogatories on the ground that they were leading and suggested the answer desired. The action of the court in overruling the motion to suppress is assigned as error.
We do not think the questions suggested any particular answer, and therefore hold that they were not leading. Lott v. King,79 Tex. 295.
Mrs. Jamison may not have been a necessary party to the suit, but it is not shown that appellant has been prejudiced by the fact that she was allowed to join her husband as a plaintiff, and we therefore hold that the action of the court in overruling appellant's exception asserting a misjoiner of Mrs. Jamison as a party plaintiff presents no ground for reversal. Railway v. Helm,64 Tex. 147.
It was held by our Supreme Court in Railway v. Sheider,88 Tex. 153, that contributory negligence, to be available as a defense, must be pleaded and proved by the defendant. We therefore hold, that the court correctly refused appellant's special charge No. 1, on the subject of contributory negligence on the part of Jesse Jamison, at the time his wife claims to have been hurt, because appellant's answer did not present that issue. The answer charges that Mrs. Jamison was guilty of negligence *Page 694 
in getting off the train; but does not impute any negligence to her husband on that occasion; but does charge him with subsequent negligence.
The court overruled a motion in arrest of judgment, predicated upon the fact that the verdict reads "for the plaintiff" instead of for the "plaintiffs." The ruling was correct. The verdict was sufficient. Reed v. Phillips, 33 S.W. Rep., 986.
Error is assigned upon the third paragraph of the court's charge, which defines negligence; and the sentence complained of is pointed out, but the particular objection to it, or reason for charging error, is not stated in appellant's brief; and no reason suggests itself to us for holding it to contain reversible error.
We have already announced our conclusion that the verdict is sustained by the evidence; and it is not necessary to discuss the facts in detail.
The judgment is affirmed.
Affirmed.
Chief Justice Fisher did not sit in this case.
Writ of error refused.