DUBLIN COTTON OIL COMPANY v. HATTIE JARRARD ET AL.

No. 585.—Decided December 2, 1897.

1. **Contributory Negligence—Burden on Defendant.**
   In a suit by a parent for negligent injury to her child the issue of plaintiffs' contributory negligence should not be submitted unless presented by plea and supported by evidence. (P. 290.)

2. **Injury to Child—Dangerous Premises—Exclusion—Implied Invitation —Charge.**
   Where children had previously been accustomed to enter a cotton oil mill containing dangerous machinery, the fact that the injured child had been that day warned by her teacher, though without informing her that this was done, as it was, at the instance of the managers of the mill, did not, when considered in connection with evidence that she was invited to enter by an employe of the mill, justify a charge that there could be no implied invitation to enter after receiving such warning. (P. 291.)

**3. Charge—Grouping Facts.**

A requested charge grouping facts which are to present an issue relied on by the party will be properly refused when a portion of the material facts embraced in its hypothesis are not supported by the evidence. See facts under which such charge, based on the theory that a child injured about dangerous machinery was in no apparent danger when seen there by defendant's employes, was unwarranted. (P. 292, 293.)

**4. Cases Distinguished.**

The questions presented by the assignments of error herein distinguished from those determined in Railway v. Edwards, 90 Texas, 65, and Dobbins v. Railway, ante, p. 60. (P. 294.)

**5. Submitting Issue—Evidence—Finding of Fact.**

The propriety of charges is to be determined by the evidence upon the issues to which they relate. The submission of an issue can not be pronounced erroneous because the Court of Civil Appeals has found in favor of the party complaining of its submission, on the facts relating to such issue. (P. 294.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Erath County.

Separate suits, one by the mother and the other by the injured child, were consolidated and tried together. Defendant appealed from judgments for both plaintiffs, and upon affirmance obtained writ of error.

*Lindsey & Goodson*, for plaintiff in error.

*Pruitt & Smith* and *Ball & Tempel*, for defendant in error.

DENMAN, ASSOCIATE JUSTICE.—Hattie Jarrard, a child seven or eight years old, was injured by having her foot caught in certain machinery erected and operated by the Dublin Cotton Oil Company upon its own premises, and this suit was brought to recover damages therefor. Hattie Jarrard sued to recover in her own behalf, and her mother, Mary A. DeWitt, sued to recover damages for the loss of the services of her child. The plaintiffs in their pleadings rested their cause upon two distinct propositions, (1) that defendant was guilty of negligence in permitting and allowing Hattie to enter the buildings where dangerous and attractive machinery was being operated; and (2) that it was guilty of negligence in inviting her into the building. The two suits were consolidated, and upon a trial before a jury verdict and judgment were rendered for both plaintiffs, which being affirmed by the Court of Civil Appeals, the Company has brought the cause to this court on writ of error.

We will not undertake a discussion of the various questions referred to in the opinion of the Court of Civil Appeals, as many of them are not presented here and the law confines us to the assignments contained in the application to this court for writ of error.

The first assignment here urges the proposition that the trial court erred in its charge, in that it therein permitted a recovery by the mother without submitting the question to the jury as to whether she was guilty of contributory negligence. We are of opinion that the Court of Civil

Appeals correctly overruled this assignment "because the matter of contributory negligence on the part of the mother, as complained of, was not raised by the pleadings of the defendant or by the evidence."

The second assignment complains of the refusal of the trial court to give the following charge requested by the defendant: "You are charged that if you believe from the evidence that immediately prior to the day on which Hattie Jarrard was injured, the defendant, through its agents and servants or through the teachers of the said Hattie Jarrard, had warned and forbidden her to come about said mill and machinery or on or about said premises, then you will not consider that the said Hattie Jarrard had any right or authority to enter upon said premises by reason of the fact that children had theretofore been permitted or allowed by the defendant to come upon or around said premises, as no implied invitation or permission, by reason of children having theretofore been allowed to come upon said premises, can be considered by you as against the positive orders and warnings of the defendant, forbidding her to come upon said premises or around said machinery." There was evidence tending to show, that children had been habitually allowed to come into the building where the machinery was located; that before leaving the school house on the day of the injury Hattie's teachers warned her not to go about the mills, and that this warning was given at the instance of the manager of the mill, but the evidence does not indicate that Hattie Jarrard was informed that such warning was given at the instance of such manager; that just before the injury some little girls with Hattie Jarrard were observed by defendant's employes to be within the building; and defendant on the trial introduced in evidence the fact that Hattie Jarrard, on a former trial of the case, testified in effect that, as she approached the door of the building in which the machinery was situated, just before the injury, one of defendant's employes invited her to come in and see the machinery. This evidence was sufficient to go to the jury upon the issue presented by the pleadings as to whether the child was invited into the mill. The fact that children had been previously allowed to go there was a circumstance, taken in connection with the other evidence, to show that she was induced to go into the building by the agent of the company, though the teacher had previously warned her not to go there. It was for the jury to say whether the conversation with the defendant's servant as she approached the door, added to the fact that the children had been accustomed to go into the place, did not induce her to enter. If it be conceded that a previous warning to her not to go to the building would, as a matter of law, destroy the effect of the previous custom of children to go there, we think it clear that such would not be the case unless the child was informed that the warning by the teacher was at the instance of the defendant. In the absence of such information she might naturally have concluded, when she reached the door and was invited in by the servant of the defendant, that the warning of the teacher did not in any way indicate that the defendant did not desire her to come into the building.

Since the charge would have directed the jury that a warning by defendant, through the teachers, would require them to disregard the circumstance that children had formerly been allowed in the building, upon the issue of invitation, and this without regard to the question as to whether Hattie knew that the warning was given at the instance of defendant, the court properly refused the same, and we are not called upon to discuss other objections thereto.

The next assignment complains of the refusal of the following charge: "You are charged that if you believe from the evidence that, immediately prior to the day that Hattie Jarrard was injured, the defendant, through any of its agents or employes or through her teachers, had warned and forbidden the said Hattie Jarrard from coming upon said premises or about or around said machinery, then you shall not consider the fact that said premises were not inclosed by fence or otherwise, or that the doors of said building were left open, as any implied invitation to said Hattie Jarrard to visit or enter upon said premises, as no implied invitation can be considered in the face of the positive command and warning to her to keep away." It is sufficient to say that this was embodied in the charge of the court.

The next and last assignment complains of the refusal of the trial court to give the following charge requested by defendant: "If you should believe from the evidence that the defendant, through its agents and servants and through the teachers of the said Hattie Jarrard, had, immediately prior to the injury, warned and forbidden the said Hattie Jarrard from coming on or around said premises and machinery, then the said Hattie Jarrard was not authorized to be there because of the fact that children had theretofore been allowed or permitted to come upon said premises; and if you should so believe, and should further believe that the said Hattie Jarrard had come into said cotton seed mill without the knowledge or consent of defendant or any of its employes, and that, after so entering the same, when she was first discovered by defendant's employes therein, she was not at or near any point of danger therein, but was then proceeding out of said building in a way and manner unobstructed and without danger, and from the circumstances and conditions, as they then appeared to defendant's employes therein, the said Hattie Jarrard was proceeding along an unobstructed egress from said building, and that there was nothing to reasonably indicate to said employes that the said Hattie was doing otherwise than leaving said building, and leaving the same through an unobstructed pathway therefor, about and along which there was no machinery or other danger, and that the said Hattie Jarrard suddenly turned and tried to jump over said conveyer, and that defendant's employes therein had no notice that she intended and was about to turn from her course out of said building and attempted to jump said conveyer until it was too late by the use of all the diligence possible on their part to prevent her from so doing, then you will find for the defendant." In Missouri, Kansas & Texas Railway Co. v. McGlam-

ory, 89 Texas, 635, it is said: "The correct rule is that defendants had the right to prepare and demand the giving of a charge requiring the jury to find whether the evidence established the existence of any specified group of facts which if true, would in law establish such plea, and instructing them that if they found such group of facts to be established by the evidence, to find for defendants. * * * This rule does not permit a litigant to annoy the court or confuse the jury by special charges upon the weight of, or giving prominence to each circumstance introduced tending to support his cause of action or defense, but requires him at his peril to present in such special charge for the consideration of the jury a fact or group of facts which, if found by them from the evidence to be true, establishes in law some material issue presented by the pleading." After a careful examination of the statement of facts contained in the transcript we are of opinion that, under the rule and its limitation thus expressed, the trial court properly refused the requested charge, for the reason that the evidence does not tend to show that when Hattie Jarrard was discovered by the employes she "was then proceeding out of said building in a way and manner unobstructed and without danger," and that she "suddenly turned and tried to jump over said conveyer." The evidence in the record bearing upon this question is substantially as follows: Mosely, one of the employes, testified: "I was at work on the west side of the conveyer, that is in the west seed room, ten or fifteen feet north of the west wagon door and ten or fifteen feet west of this conveyer, shoveling seed, and happened to look up and saw three little girls in the other seed room, and as I was at work did not pay any more attention, and when I looked again Hattie was just in the act of stepping over in the west seed house, and I raised my hand and before I had time to speak she was in it. * * * From the first time I saw Hattie until she was injured it might have been three minutes, it might have been five minutes, it might have been more or less, for I cannot say. I do not know whether she came in at the door from the office or where she came in from, for I did not see her enter, and the first I saw of her and the other girls was in the other seed room as I have before stated. * * * Hattie was about ten feet from the lower end of the west conveyer and about twenty feet east of it. * * * When I first saw Hattie she was in the east seed house at the place I have stated, and the conveyer in the east house was not in operation that day and there was no machinery at all running in the east seed house that day. I did not see her at all where there was any machinery at all running until I saw her with her foot on the edge of the conveyer in the act of going in it as before stated."

Williams, a school boy, testified: "Hattie entered the door about the time I was ten feet from the door approaching it; just before Hattie and Emma got to the door of the seed house and as they were running and playing along Emma said to Hattie, 'I will back you out in jumping over these', meaning the seed carriers, and they ran in and Emma jumped over the three carriers, one at a time, and got over all right.

Hattie started to follow her and got her foot caught in the first one."· Thus it appears that the group of facts embodied in the latter portion of the special charge could not have been found by the jury from the evidence.

Since no assignment in this court raises the question as to what duty the defendant owed Hattie Jarrard in case the jury concluded that she was not there by invitation, we are not called upon to go into the question as to whether the opinion of the Court of Civil Appeals is in accord with those of this court in Railway Company v. Edwards, 90 Texas, 65, and Dobbins v. Railway Company, ante p. 60.

Counsel for plaintiffs in error, however, contend that since the findings of the Court of Civil Appeals establish the fact, that Hattie was in no way invited on the premises, but was there as an intruder, and that plaintiff in error did no act reasonably calculated to injure her, therefore all the charges should have been given, because plaintiffs were in no event entitled to a verdict, such findings being true. It is sufficient answer to this to say that all of the assignments above referred to complain of the action of the trial court in refusing to give charges, and that, in examining assignments of this character, this court must look to the statement of facts to see whether under the evidence the charges were proper. We have seen that the issue as to whether Hattie was invited on the premises was clearly presented by the pleadings and evidence, and therefore it was a matter to be submitted to the jury. The fact that the Court of Civil Appeals has found that she was not invited can have no bearing whatever upon the questions presented here as to whether the charges were properly refused. If the court below' had charged a verdict for defendant notwithstanding the issue of invitation presented by the pleadings and evidence as above indicated, such charge would clearly have been erroneous, notwithstanding the fact that the Court of Civil Appeals has subsequently found upon a conflict of evidence that she was not invited.

The assignments of error presented to this court not being well taken, the judgment must be affirmed, and it is so ordered.

*Affirmed.*