ROSCOE, S. & P. RY. CO. v. TAYLOR.
(No. 8490.)

(Court of Civil Appeals of Texas. Ft. Worth.
Dec. 16, 1916. Rehearing Denied
Jan. 20, 1917.)

1. APPEAL AND ERROR ☞1067 — REVIEW — HARMLESS ERROR—REFUSAL OF INSTRUCTION.
In an action for personal injuries to a servant, a refusal to give defendant's requested instruction, in which the converse of plaintiff's contention of negligence was submitted, where other instructions did not cover the point, in view of the fact that the evidence of negligence was meager, was reversible error.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. ☞1067; Trial, Cent. Dig. § 475.]

2. DAMAGES ☞46 — EXPENSES INCURRED — PAYMENT.
The fact that plaintiff had not paid his doctor's bill at the time of trial will not preclude proof of reasonable value of such services as a part of his damages, if plaintiff was legally liable for such expenses.
[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 99, 251; Dec. Dig. ☞46.]

3. DAMAGES ☞50—MENTAL SUFFERING.
In an action for personal injuries, plaintiff could recover damages for mental suffering, although there was no proof that his injuries resulted in permanent and continued disability.
[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 100, 255, 257–259; Dec. Dig. ☞50.]

4. NEGLIGENCE ☞119(6) — CONTRIBUTORY NEGLIGENCE AGGRAVATING INJURY—PLEADING.
Although evidence tended to show contributory negligence of plaintiff in failing to properly care for his injury, which aggravated it, the defendant could not invoke this as a defense, where contributory negligence was not pleaded.
[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 202, 210; Dec. Dig. ☞119(6).]

5. APPEAL AND ERROR ☞263(1) — NECESSITY OF EXCEPTIONS.
Where, on the trial, defendant did not take exceptions to the court's charge, it will not be reviewed on appeal.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1516; Dec. Dig. ☞263(1).]

Appeal from Nolan County Court; John H. Cochran, Jr., Judge.

Action by J. M. Taylor against the Roscoe, Snyder & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Yonge & Yonge, of Snyder, for appellant. R. N. Grisham, of Sweetwater, for appellee.

DUNKLIN, J. J. M. Taylor, while employed as a section hand by the Roscoe, Snyder & Pacific Railway Company, sustained an injury to one of his fingers and instituted this suit to recover damages therefor, which resulted in a judgment in his favor, from which the railway company has appealed.

At the time of his injury plaintiff was assisting in unloading cross-ties, and he and Dan Worley, another section hand, in obedience to instructions from J. W. Green, the section foreman under whom they were working, had picked up one of the ties preparatory to throwing it from the car; plaintiff holding one end of the tie and Worley the other. While so holding the tie, the end of the same which was held by the plaintiff came in contact with the end of another tie upon the car in such manner as to injure one of his fingers. It was alleged in plaintiff's petition that at the time he and Worley picked up the tie, the train was in motion, and that it came to a sudden stop on account of which the tie was caused to swing against the other tie; and the theory upon which a recovery was sought was that the foreman was guilty of negligence in directing the car to be unloaded while the train was in motion, that the sudden stopping of the train under the circumstances also constituted negligence, and that the negligence in one or both of those respects was the proximate cause of the injury. The trial judge submitted those issues of negligence as a predicate for the verdict returned by the jury.

[1] The defendant complains of the refusal of its requested instruction No. 3, in which the converse of plaintiff's contention of negligence was submitted in an affirmative form upon a grouping of the facts applicable to that defense, and we are of the opinion that the court erred in refusing to give the same, or some instruction equivalent thereto, especially in view of the fact that the testimony upon which plaintiff relied to support his charge of negligence was at best very meager. In his main charge the trial judge failed to present in an affirmative manner the contention of the defendant that no negligence had been proven further than to say in one paragraph that, if plaintiff had failed to make out his case by a preponderance of the evidence, the verdict should be in favor of the defendant, and in another paragraph that the same verdict should be returned if plaintiff was injured "by reason of his own negligence, if he was injured, and without negligence on the part of the defendant, its agents, and other employés." G., C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S. W. 902, 28 L. R. A. 538; M., K. & T. Ry. Co. v. Mc-

Glamory, 89 Tex. 635, 35 S. W. 1058; Wells Fargo Express Co. v. Benjamin (Sup.) 179 S. W. 513; F. W. & D. C. Ry. Co. v. Gatewood, 185 S. W. 932, and other authorities there cited. For the error indicated the judgment must be reversed, but in view of another trial other questions will be discussed.

[2] The fact that plaintiff had not at the time of the trial paid his doctor's bill would not preclude proof of the reasonable value of the services so rendered as part of his damages, if he had become legally liable for such expenses.

[3] It is too well settled to need the citation of authorities that there is no merit in the contention, presented in one of appellant's assignments, to the effect that plaintiff could not, in any event, recover for mental suffering in the absence of proof that his injuries resulted in permanent disability and continued for a long time.

[4] Even though there had been testimony tending to show contributory negligence on the part of the plaintiff in failing to properly care for his finger after the injury, and that such failure aggravated such injury, the defendant was in no position to invoke the same as a defense, since it presented no plea urging such contributory negligence.

[5] We are cited to no exception taken on the trial by the defendant to paragraph 8 of the court's general charge to the jury, and have found none, and we therefore sustain appellee's objection to a consideration of appellant's twelfth assignment of error, in which complaint is made of that paragraph of the charge. G., T. & W. Ry. v. Dickey (Sup.) 187 S. W. 184.

We will say further that we have grave doubt of the sufficiency of the allegations contained in plaintiff's petition with respect to the negligence relied upon by him as a basis for recovery. While no proper assignment is presented raising that question, we deem it not amiss to call attention to it, to the end that the pleading may be amended upon another trial.

For the error indicated, the judgment is reversed, and the cause remanded.