INTERNATIONAL & G. N. RY. CO. et al. v. ASH. (No. 6068.)

(Court of Civil Appeals of Texas. San Antonio. June 12, 1918. Rehearing Denied July 1, 1918.)

1. APPEAL AND ERROR ☞1052(2)—REVIEW— HARMLESS ERROR—EVIDENCE.

In an action for damages to a shipment of live stock that plaintiff was permitted, after an admission that he had been convicted of a felony and sentenced to the penitentiary, to testify that he had been pardoned and as to other facts was harmless error, where a certified copy of the pardon was subsequently placed in evidence.

2. WITNESSES ☞78—CONVICTION OF CRIME— PARDON.

Where a witness has been convicted of a felony and sentenced to the state prison, the proper procedure is to introduce the proclamation of pardon before permitting him to testify.

3. APPEAL AND ERROR ☞690(1)—BILL OF EXCEPTIONS—EVIDENCE.

Where a witness in a civil case was permitted to testify after admitting that he had been convicted of a felony and sentenced to the state prison, and a certified copy of the pardon was subsequently placed in evidence, objections to such certified copy will not be considered, where the bill of exceptions only objects to the statement of the witness that he had been pardoned.

4. TRIAL ☞60(1)—ORDER OF PROOF—QUALIFICATION OF WITNESSES.

Where a witness has admitted that he has been convicted of a felony and sentenced to the state prison, but subsequently pardoned, it is immaterial whether the pardon is introduced before or after the testimony is received.

5. APPEAL AND ERROR ☞742(4) — ASSIGNMENTS OF ERROR—STATEMENT—SUFFICIENCY.

An assignment of error, merely complaining that the court permitted a witness to answer a certain question without stating what he answered, not followed by a statement by which its propriety and importance can be tested, will not be considered.

6. EVIDENCE ☞501(7) — VALUE OF LIVE STOCK—OPINION EVIDENCE.

In an action for damages to a shipment of cattle, a witness who testified that the cattle had a market value at destination, naming it, was qualified to testify as to the market value, without stating that he had known the same number of cattle as were in the shipment to be sold at such point.

7. NEGLIGENCE ☞119(6) — CONTRIBUTORY NEGLIGENCE—PROOF.

Contributory negligence is a matter of defense which must be pleaded and proved, except where plaintiff in pleading or developing his case pleads or develops contributory negligence.

8. APPEAL AND ERROR ☞1066 — REVIEW — HARMLESS ERROR—INSTRUCTIONS.

In an action for damages to a shipment of live stock, where there was no evidence show-

ing contributory negligence on the part of the shipper, it was immaterial whether the definition of contributory negligence given in instructions was correct or not.

9. NEGLIGENCE ⨂═136(26) — CONTRIBUTORY NEGLIGENCE — QUESTIONS OF LAW AND FACT.

Contributory negligence does not arise as a matter of law, unless the acts constituting such negligence are in violation of law, or the evidence is of such a character as to permit of but one reasonable inference.

10. CARRIERS ⨂═228(1) — CARRIAGE OF LIVE STOCK—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In a shipper's action for damages to a shipment of live stock, the burden of proving his contributory negligence was on the carrier.

Appeal from District Court, Atascosa County; C. C. Thomas, Judge.    —

Action by A. A. Ash against the International & Great Northern Railway Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Dabney & King, of Houston, and Terrell & Terrell, of San Antonio, for appellants.

FLY, C. J. This suit was instituted by appellee against the International & Great Northern Railway Company, Cecil Lyon, and James A. Baker, receivers of the railway company, and the Artesian Belt Railroad Company, for damages alleged to have resulted from injuries to a shipment of cattle from Ft. Worth to Christine, Tex., in October, 1915. It was alleged that 125 head of the cattle died, and the remainder were injured to the extent of $5 a head. The cause was submitted to a jury by special issues, and upon the answers returned thereto judgment was rendered in favor of the Artesian Belt Railroad Company, and in favor of appellee, against James A. Baker, receiver, in the sum of $2,190.

The evidence justified the jury in finding that appellee was damaged in the sum found by them through the negligence of the appellant receiver.

[1, 2] The first, second, and third assignments of error complain of the action of the court in permitting A. A. Ash, after he had admitted that he had been convicted of a felony and sentenced to a two-year term in the penitentiary, to testify that he had been pardoned, but did not have the pardon, and then in permitting him to testify to other facts. The objections are of no practical value whatever, for, however erroneous the admission of the evidence may have been, it was completely cured by afterwards placing a certified copy of the pardon in evidence. The proper way would have been to have introduced the proclamation of pardon before the witness was permitted to testify, but the error in its admission without the pardon was removed by the after introduction in evidence of the pardon.

[3, 4] The bill of exceptions, upon which the first three assignments rest, only objected to the statements of appellee that he had been pardoned, although the court, in giving the bill of exceptions, stated that a certified copy of the pardon had been placed in evidence, and no bill was reserved to such certified copy. It follows that no objection to the certified copy of the pardon can be heard in this court. The theory in this court seems to be that a pardon, introduced in evidence after a witness has testified, is of no avail, but that it must be placed in evidence before the witness testifies. The order in which the testimony was introduced is utterly immaterial. No authority to the contrary has been offered by appellant, for the reason probably that it does not exist.

[5] The fourth assignment of error is not followed by a statement by which its propriety and importance can be tested. There is nothing in the statement to indicate that a bill of exception was reserved to the admission of the evidence, or what the evidence was to which objection was made. The assignment merely complains of the court permitting the witness to answer a certain question, without stating what he answered. The assignment will not be considered.

[6] The fifth assignment of error is overruled. The witness testified that the cattle had a market value at Christine, and named it. The witness testified that there was a market there for the same description of cattle as those involved in the suit. The witness, in order to qualify to testify as to market value, was not compelled to state that he had known the same number of cattle as were in this shipment to be sold in Christine.

[7] The sixth and seventh assignments of error are overruled. Contributory negligence is a matter of defense; and, in order for a party to avail himself of such defense, it must be pleaded and proved. The exception to the rule is where the plaintiff in pleading or developing his case pleads or develops contributory negligence. In every other case there must be pleading and proof. Railway v. Murphy, 46 Tex. 362, 26 Am. Rep. 272; Railway v. Cowser, 57 Tex. 302; Railway v. Watson, 72 Tex. 633, 10 S. W. 731; Railway v. Bennett, 76 Tex. 155, 13 S. W. 319; Railway v. Johnson, 90 Tex. 304, 38 S. W. 520; Oil Co. v. Jarrard, 91 Tex. 290, 42 S. W. 959. In this case it was alleged that appellee was guilty of contributory negligence in not feeding and watering the cattle just before they were loaded and just after they were unloaded at Christine, but there was no evidence tending to show that the cattle were not fed just before they were brought to the shipping pens at Ft. Worth, but the uncontradicted evidence showed that they were fed and watered. The cattle were not fed and watered at Christine, but not only did appellant fail to show that there were facilities for feeding and watering at Christine, but appellee showed that there

were no such facilities. In other words, the evidence utterly failed to show contributory negligence as alleged. The cattle were received by the agent of appellee at the solicitation of the agent of appellants. The latter made no effort to show that water and food for the cattle could have been obtained in Christine, and the evidence of the agent as to a lack of facilities for feeding and watering at Christine, or at any other point until the ranch was reached, was uncontradicted. Appellants failed to show any contributory negligence on the part of appellee, and the evidence was ample to show that the cattle were injured and a number caused to die by the wounds inflicted on them through rough handling and delay on the part of appellant.

[8] There being no evidence tending to show contributory negligence on the part of appellee, it does not matter whether the definition of contributory negligence was correct or not. A correct definition could not have supplied the necessary testimony. There were no facilities for feeding and watering in the railroad cattle pens at Christine, and no effort was made by appellants to show that water and food could have been obtained at Christine, although that burden rested on appellants.

It may be well to note that, in the cases in which charges as to contributory negligence made it incumbent to show that such negligence was the proximate cause of the accidents, the evidence showed that if the act was negligent it was necessarily the proximate cause of the accident. The cases of Railway v. Rowland, 90 Tex. 365, 38 S. W. 756, Railway v. McCoy, 90 Tex. 264, 38 S. W. 36, and Culpepper v. Railway, 90 Tex. 634, 40 S. W. 386, all refer to cases in which, if the acts ascribed to the plaintiffs were negligent, they necessarily produced the accident. The same is true of the cases of Ebert v. Railway, 49 S. W. 1105, Railway v. Bryant, 30 Tex. Civ. App. 4, 66 S. W. 808, Railway v. Vizard, 39 Tex. Civ. App. 534, 88 S. W. 457, and Railway v. Harrell, 194 S. W. 971. In most of the cases the plaintiff got off or on a moving car or went on a crossing in front of a moving train; in other words, doing a thing in which, if it was contributory negligence, the question of proximate cause could not arise. No such case is presented by the facts of this case.

[9] It follows from the foregoing conclusions that the eighth, ninth, and tenth assignments, which are based on the assumption, that the failure to water and feed the cattle at Ft. Worth and Christine was contributory negligence as a matter of law, and not a question of fact for a jury, cannot be sustained. It is the rule in Texas that contributory negligence does not arise as a matter of law unless the acts constituting such negligence are in violation of law, or the evidence is of such character as to permit of but one rea-

sonable inference or conclusion, and that the negligence of the plaintiff. In the language of the Supreme Court:

"Negligence, whether of the plaintiff or defendant, is generally a question of fact, and becomes a question of law to be decided by the court only when the act done is in violation of some law, or when the facts are undisputed and admit of but one inference regarding the care of the party in doing the act in question; in other words, to authorize the court to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusion to be drawn from it." Lee v. Railway, 89 Tex. 583, 36 S. W. 63.

[10] Appellants made no effort to show that water could have been obtained for the cattle in Christine; and, while appellee proved that at least a part of the cattle obtained water on the day they were unloaded, and that was not disproved, appellants did not attempt to show how many were not watered. Appellants proceed on the theory that appelleee not only had to prove their negligence, but also to disprove their allegation of contributory negligence. The burden was on appellants to establish their defense of contributory negligence. The evidence of appellee did not tend to establish such negligence, but, on the other hand, showed that there was no contributory negligence. The cattle were shown to have died from injuries inflicted by appellants.

The judgment is affirmed.