SOUTHERN PAC. CO. v. HENDERSON.*
(No. 915.)

(Court of Civil Appeals of Texas. El Paso. Jan. 23, 1919. Rehearing Denied Feb. 6, 1919.)

1. COURTS &8— ACTION UNDER LAWS OF OTHER STATE—FEDERAL SAFETY APPLIANCE ACT—RIGHT TO SUE.

In a servant's action for injuries, based on the defendant railroad's violation of the federal Safety Appliance Act (U. S. Comp. St. § 8605 et seq.), the master's liability was enforceable in courts of Texas, without reference to the laws of California, where the tort occurred.

2. MASTER AND SERVANT &129(6)—FEDERAL SAFETY APPLIANCE ACT—PROXIMATE CAUSE OF INJURY.

A cause of action for injuries under the federal Safety Appliance Act (U. S. Comp. St. § 8605 et seq.) arises where the accident occurred when a string of cars ran down a line where not intended because of their becoming uncoupled, owing to defective couplers, and where a hand brake on the front car was out of repair.

3. DEPOSITIONS &83(3) — SUPPRESSION — GROUNDS.

In a servant's action against master for injuries, the materiality of a letter from plaintiff, asking the witness to testify in the case, not being apparent, the witness' failure to comply with request to attach it to his deposition did not furnish sufficient ground for suppressing deposition.

4. DEPOSITIONS &90—EFFECT OF PRESENCE OF WITNESS AT TRIAL.

Where a witness was present at the trial by procurement of defendant, having been brought from California, and was sworn and placed under the rule, it was not an abuse of discretion to permit plaintiff to introduce the deposition of the witness.

5. DEPOSITIONS &88—TRANSCRIPT OF TESTIMONY ON FORMER TRIAL.

There is no rule requiring plaintiff to use a transcript of the oral testimony given by a witness on a former trial, instead of his written deposition taken in the manner prescribed by law.

6. WITNESSES &388(2) — IMPEACHMENT — FOUNDATION.

Where the proper predicate had not been laid to impeach the witness, the transcript of his evidence on a former trial was not admissible.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by C. L. Henderson against the Southern Pacific Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Beall, Kemp & Nagle, of El Paso, for appellant.

Geo. E. Wallace and W. S. Berkshire, both of El Paso, for appellee.

HIGGINS, J. Henderson brought this suit against appellant to recover damages arising out of personal injuries. From a verdict and judgment in his favor, the defendant appeals.

Henderson was an employé of defendant, serving as a switchman in its yards in Los Angeles, Cal. On January 20, 1917, he was working in that portion of the yards known as "the Cornfield." The crew of which he was a member had gone there to get some cars. He was standing near a switch which he was to throw. While so standing another string of cars unexpectedly came down the High Line. He was struck thereby and sustained severe injuries. There is evidence that this string of cars was a part of a train of cars that was being switched from the Midway yard to the Cornfield. The train was being pushed, and whilst in motion a coupling became disconnected. The disconnected cars,

moving by momentum, struck Henderson and inflicted his injuries. As grounds of negligence, it was alleged that the uncoupling of the cars was due to defective coupling appliances, and that the car which struck plaintiff was not equipped with efficient hand brakes. There was one other ground of negligence alleged but was not submitted to the jury. Defendant pleaded that the courts of Texas had no jurisdiction of the cause of action. It was pleaded that the injuries were sustained in California and while Henderson was engaged in intrastate commerce, that California had a law known as the Workmen's Compensation Insurance and Safety Act (St. 1913, p. 279), and that under this law, where an employé was injured by a railroad company in the discharge of duties not connected with interstate commerce, the Industrial Accident Board, created by said law, had exclusive jurisdiction of all claims arising out of such injury.

Upon trial, the court gave a peremptory instruction to find against defendant upon its jurisdictional plea, and submitted the case upon the two grounds of negligence charged as above indicated and the defensive issues presented by defendant.

[1] Error is assigned to the peremptory instruction to find against the plea to the jurisdiction. The undisputed evidence shows that defendant was a common carrier and engaged in interstate commerce, and that the Los Angeles yards were used in making up and breaking up of trains handling interstate commerce. The plaintiff alleged and proved a violation of the federal Safety Appliance Act (U. S. Comp. St. § 8605 et seq.) as the proximate cause of his injury. This was the only ground of negligence submitted in the charge. In this condition of the record the court properly gave the instruction complained of. Under the pleading, evidence, and charge, plaintiff's right of recovery was bottomed upon the Safety Appliance Act, and the California statute as to his right and remedy was without application. Railway Co. v. Sprole, 202 S. W. 985; Railway Co. v. Rigsby, 241 U. S. 33, 36 Sup. Ct. 482, 60 L. Ed. 874; Railway Co. v. Commission, 236 U. S. 439, 35 Sup. Ct. 304, 59 L. Ed. 665; Railway Co. v. Layton, 243 U. S. 617, 37 Sup. Ct. 456, 61 L. Ed. 931.

[2] Under assignments 6, 7, 8, and 9, it is complained that the charge should not have submitted any issue as to defective couplers and hand brakes, because there is no evidence that they were defective, and for the further reason that, if such defects existed, the same is not shown to have been the proximate cause of the injury.

There is ample evidence to show defects in both coupling appliances and brakes. There is no use to quote it. We simply refer to the testimony of the witnesses Shoemaker and Bedor. As to proximate cause the testimony shows that the string of cars which struck Henderson became uncoupled by reason of the defective coupling appliance, and, having become uncoupled, ran down the High Line, where they were not intended to go, and struck plaintiff.

As to the hand brake of the front car, it was shown to be out of repair, so that it could not be set. The jury was warranted in finding that the string would have been stopped before it struck Henderson, if the brake could have been set by the men on the cars. It seems very clear that whether or not thè defects complained of were proximate causes was raised by the evidence, and questions for the jury.

[3] The remaining assignments complain of rulings upon evidence. None of them present reversible error. In view of their number, the reason for overruling same will be but briefly indicated. The materiality of the letter which the witness Shoemaker failed to attach to his deposition is not apparent. He was asked if he had received any letters from plaintiff or his attorney. He replied that he had received a letter from the attorney asking him to answer questions, and this letter was attached; that he received one letter from plaintiff, asking if he would answer questions. The materiality of a letter of this nature is not apparent, and the failure to comply with a request to attach it furnished no ground for suppressing the deposition. It was evidently a letter inquiring of the witness (who lived in Chicago) if he would testify.

As to those complaining that certain interrogatories were leading and suggestive of the answer desired, the questions are not regarded as subject to the objection made. Railway Co. v. Jamison, 12 Tex. Civ. App. 689, 34 S. W. 674; Long v. Steiger, 8 Tex. 460.

[4] The witness Bedor was present on the trial by procurement of defendant, having been brought from California. He was sworn and placed under the rule as one of defendant's witnesses. Under the circumstances it was not an abuse of discretion on the part of the trial court in permitting plaintiff to introduce the deposition of the witness theretofore taken, instead of requiring that he be placed on the stand. Holt v. Guerguin, 106 Tex. 185, 163 S. W. 10, 50 L. R. A. (N. S.) 1136; Railway Co. v. Renken, 15 Tex. Civ. App. 229, 38 S. W. 830.

[5] As to the twentieth assignment, we know of no rule which would require the plaintiff to use a transcript of the oral testimony given by the witness Bedor upon a former trial, instead of his written deposition taken in the manner prescribed by law.

[6] As to assignments 21 to 24, the proper predicate had not been laid to impeach the witness, and therefore the transcript of his

evidence on a former trial was not admissible. The witness was present at the trial by procurement of defendant.

Affirmed.