## WRIGHT v. McCOY.

### No. 1713.

Court of Civil Appeals of Texas. Eastland.

Oct. 29, 1937.

Smith & Eplen, of Abilene, for appellant.

**224**

Scarborough & Ely, of Abilene, for appellee.

FUNDERBURK, Justice.

W. P. Wright, owner of a truck injured in a collision with a truck owned by O. D. McCoy, brought this suit to recover damages. The defendant answered by general exception and general denial. In addition thereto, by way of cross-action, he alleged a cause of action against the plaintiff for damages to defendant's truck injured in the same collision. Each truck was at the time of the accident operated by an agent or servant of the owner. In the causes of action alleged by each party against the other there were several grounds of negligence, but, since all but one in each were not sustained by the evidence or special verdict of the jury, we shall limit consideration to those that were sustained.

The jury, by its verdict, found (1) "that the driver of the defendant's truck was operating defendant's truck to the left of the center of the road at the time and place of the collision"; that such act (2) "was the proximate cause of the collision." Plaintiff's damages were found to be the aggregate sum of $158.50. The jury also found (1) "The driver of plaintiff's truck was negligent in failing to stop in order to permit defendant's truck to negotiate the bridge in question"; and that that omission (2) "was the proximate cause of the collision in question." Defendant's aggregate damages were found to be the sum of $70.

The undisputed evidence showed that Wright's truck was going north and McCoy's truck south upon a highway, the paved, traveled surface of which was 15½ feet wide. The collision occurred from 20 to 35 feet south of a bridge. The bridge was 39 feet long. A paved, traveled way over it was 17 feet 10 inches wide, with an 18½ feet clearance between wooden banisters. Plaintiff's truck was 7 feet 3 inches wide, and defendant's truck between 7 feet 3 inches and 7 feet 6 inches wide.

The court rendered judgment to the effect that neither party recover anything against the other. The plaintiff has appealed.

Under the undisputed facts, can it be true, as found by the verdict, that the driver of defendant's truck was operating same to the left of the middle of the road at the time and place of the collision; that that was the proximate cause of the collision, and yet it be also true, as further found, that the driver of plaintiff's truck was negligent in failing to stop in order to permit defendant's truck to "negotiate" the bridge in question, and that such negligence was the proximate cause of the collision, although the speed at which he was driving the truck at the time and place of the collision was not a proximate cause?

The collision did not occur on the bridge. The evidence showed conclusively that it occurred not less than 20 feet, but most probably 35 feet from the bridge. It is obvious, therefore, that it was not necessary for plaintiff's truck to stop "in order to permit defendant's truck to negotiate the bridge." Since defendant's truck, as shown by the undisputed evidence, did "negotiate" the bridge without plaintiff's truck having stopped, the fact is thereby conclusively demonstrated, we think, that the driver of the plaintiff's truck could not have reasonably foreseen that, if he failed to stop, defendant's truck, because of such failure, would not be able to "negotiate" the bridge. It would seem to be self-evident that an event could not be foreseen as likely to result from a particular cause if such cause never in fact existed.

Under the allegations of McCoy's cross-action the only duty of Wright's truck driver to stop was to enable McCoy's truck driver to cross the bridge. That duty arose from the fact (alleged) that the bridge was too narrow to permit the two trucks to pass each other safely while crossing the bridge, and McCoy's driver had the right of way because he was first to reach the bridge. The undisputed evidence having shown that McCoy's truck had crossed over the bridge before Wright's truck ever reached the bridge, and that the bridge was 2 feet and 4 inches wider than the road approaching the bridge, the only conclusions permissible are that the collision was caused solely by McCoy's truck not being on its right-hand side of the road, or Wright's truck not being on its right-hand side of the road, or neither truck being on its right side.

It cannot be said, we think, that of these three alternatives, the evidence conclusively established any one of them. Upon the motion to render judgment, the court could not, therefore, give any effect to the findings of the jury, or, in other words, could not treat the facts found by the jury the same as undisputed and conclusively established facts. It is, therefore, our view that the court should not have given judgment on the verdict for or against either party, but, in response to appellant's

third motion, should have set aside the verdict and ordered a mistrial.

■ The point is made that the court should have disregarded that part of the verdict finding that negligence of the plaintiff's driver was the proximate cause of the collision and rendered judgment for the plaintiff upon the other issues, because there was no defense of contributory negligence pleaded by the defendant. If it be granted that a special plea of contributory negligence was necessary in order to be available as a defense and that there was no such pleading in the case, it would not follow necessarily, we think, that the court under the circumstances of this case should have rendered judgment in disregard of the verdict. Plaintiff made no objection to the submission of any of the issues. While by virtue of the statute (R.S.1925, art. 2211 [as amended, Vernon's Ann.Civ.St. art. 2211]) the court, upon proper motion and notice, was authorized to render judgment in disregard of an issue "that has no support in the evidence," we do not believe that such action would be warranted by said statute solely upon the ground of the lack of pleadings to tender the issue.

■ It has long been a settled legal proposition in this state that a defense of contributory negligence, not inferable from the allegations of plaintiff's pleadings, and not conclusively shown by the evidence, must, in order to be available to a defendant, be specially pleaded by him.[1] "In most jurisdictions, as a general rule," says the

---

[1] The writer (expressing in this note his individual views not to be considered as a part of the opinion) would here call attention to the inconsistency between the above proposition and that designated in the minority opinion in Traders & General Ins. Co. v. Wright (Tex.Civ.App.) 95 S.W.(2d) 753, as the doctrine of the Rowe Case (Colorado & S. Ry. Co. v. Rowe [Tex.Com.App.] 238 S.W. 908). The proposition referred to as embodying the doctrine of the Rowe Case may be restated as follows: "If in the trial of a civil case evidence admissible in rebuttal of issues tendered by the plaintiff's pleadings and joined by defendant's general denial will support the finding of a fact constituting a complete defense to plaintiff's cause of action, it is the duty of the court, if the case be submitted upon special issues, to submit an issue calling for a finding of such fact; and to submit it so as to place the burden of proof upon the plaintiff." In accordance with, and recognition of, that proposition, no doubt, the court in the instant case submitted an issue of unavoidable accident and neither party makes any complaint of such action, although the plaintiff did not allege in substance or effect that the injuries were not caused by an unavoidable accident, nor did the defendant allege that they were so caused. That no issues were made *by the pleadings* either that the injuries were, or that they were not, caused by unavoidable accident, is conclusively demonstrated by the patent fact that before any evidence was admitted it could not have been known whether or not such issues were in the case. If an issue is made *by the pleadings* that fact is disclosed by the pleadings wholly without reference to any evidence, and is, therefore, apparent before the introduction of any evidence whatever.

Why should it be necessary for defendant specially to plead contributory negligence as such necessity is established by the authorities cited in support of the proposition in the opinion, or assumed risk as held, for instance, in International & G. N. Ry. Co. v. Harris, 95 Tex. 346, 67 S.W. 315, and yet, it not be necessary specially to plead unavoidable accident, new and independent cause, that an alleged servant or agent was an independent contractor or any other fact or group of facts which, if true, would constitute a defense to the claim of liability asserted by the plaintiff? It is believed that no satisfactory answer can be made to this question.

There was at one time considerable confusion manifested in the decisions upon the question of whether a plaintiff alleging his cause of action for negligence was required to allege due care on his part, or, in other words, allege facts to show that he was not guilty of contributory negligence. In Texas & N. O. Ry. Co. v. Crowder, 63 Tex. 502, it was said: "The true rule in this class of cases is, that the 'servant seeking to recover for an injury takes the burden upon himself of establishing negligence on the part of the master, and *due care on his own part.'*" (Italics ours.)

See, also, Texas & N. O. Ry. Co. v. Crowder, 76 Tex. 499, 13 S.W. 381.

If that were still adhered to as a correct statement of the law, consistency would require the holding that a plaintiff, in addition to the burden of pleading and proving that defendant's negligence was the proximate cause of his injuries, also had the burden of pleading and proving that his injuries were not

text of Corpus Juris, "contributory negligence is regarded as a special and affirmative defense, which in order to be available to defendant must be specially pleaded by him." 45 C.J. 1115, § 692. Decisions of Texas courts cited as supporting the text are: Dublin Cotton Oil Co. v. Jarrard, 91 Tex. 289; 42 S.W. 959; Missouri P. Ry. Co. v. Watson, 72 Tex. 631, 10 S.W. 731; Texas & N. O. Ry. Co. v. Rooks (Tex.Com.App.) 292 S.W. 536; Fort Worth, etc., Ry. Co. v. Lovett (Tex.Civ. App.) 243 S.W. 519; Jones v. Sunshine Groc. Co. (Tex.Civ.App.) 236 S.W. 614; International & G. N. Ry. Co. v. Ash (Tex. Civ.App.) 204 S.W. 668; Missouri, K. &

the result of an unavoidable accident. But, in Murray v. Gulf, C. & S. F. Ry. Co., 73 Tex. 2, 11 S.W. 125, 126, after referring to Texas & N. O. Ry. Co. v. Crowder, supra, the court reaffirmed its former holding in Texas & P. Ry. Co. v. Murphy, 46 Tex. 356, 26 Am.Rep. 272, and Houston & T. C. Ry. Co. v. Cowser, 57 Tex. 293, as follows: "that in a suit for damages against a railway company, on account of the alleged negligence of its agents, *it is not necessary that the petition should negative, either by facts stated or by direct averment, the existence of contributive negligence on the part of plaintiff.*" (Italics ours.) Subsequently it was said in Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Tex. 152, 30 S.W. 902, 904, 28 L.R.A. 538: "The rule seems to be well settled that it is not necessary for the plaintiff in his petition to negative * * * contributory negligence on his part. * * * We have been able to find no case where such pleading has been required, except in a few of those states where the burden of proof is upon plaintiff to show that he was not guilty of contributory negligence." In Houston & T. C. Ry. Co. v. Harris, 103 Tex. 422, 128 S.W. 897, 898, it became necessary for the Supreme Court to clear up the question that so long as an issue of contributory negligence as such remained an issue of fact, the burden of proof was upon the defendant and never shifted. The court declared "that the law does not, at any stage of a trial, impose upon a plaintiff the burden of showing that he had not committed negligence."

In International & G. N. Ry. Co. v. Harris, supra, concerning the necessity, that a defendant plead assumed risk in order for it to be available as an affirmative defense, the court said: "Was the issue of assumed risk made by the pleadings? If not, the charge [complained of because it omitted the element of knowledge of a defect] was correct, for evidence without pleading will not raise an issue. * * * If the burden was upon the defendant to prove that plaintiff knew of the defect in order to charge him with the risk of injury, then it was required to allege the facts. * * * In this case it devolved upon the defendant to prove that plaintiff knew of the defects in the coal chute, and it was therefore necessary for it to allege the facts which presented that issue; and, having failed to do so, the court did not err in omitting that issue from the charge."

In that case the plaintiff alleged he had no knowledge of the defect, but it was held that that was an unnecessary allegation to the statement of the cause of action and did not relieve the defendant from affirmatively pleading the fact of notice. Compare that case with any one of the great number of cases applying the doctrine of the Rowe Case, and wherein no pleading mentions unavoidable accident or the defensive facts. According to Houston & T. C. Ry. Co. v. Harris, supra, if a plaintiff in alleging his cause of action should, in addition to negligence and proximate cause, allege that the injuries were not the result of an unavoidable accident, it would. be unnecessary for him to prove it. To make it available as a separate issue it would be necessary for the defendant to affirmatively plead it. But, under the doctrine of the Rowe Case where plaintiff does not allege that the injuries were not caused by an unavoidable accident, or any other of the defensive facts, nor the defendant that they were so caused, if there be evidence tending to show an unavoidable accident, or such other facts, then the issue must be submitted. There is no principle justifying any distinction.

In the opinion of the writer there being no principle to justify a distinction, the authorities supporting the proposition that it is necessary that a defendant specially plead contributory negligence and assumed risk should be overruled, or else that the doctrine of the Rowe Case should be expressly repudiated. It is further the considered opinion of the writer that of all the just criticisms against the efficiency and proper functioning of our courts, none is comparable to the direct and collateral consequences of the continued adherence to, and attempt to apply and justify the doctrine of the Rowe Case, a fuller discussion of which is to be found in the minority opinion in Traders & General Ins. Co. v. Wright, supra.

T. Ry. Co. v. Whitsett (Tex.Civ.App.) 185 S.W. 406; Lewis v. Texas, etc., Ry. Co., 57 Tex.Civ.App. 585, 122 S.W. 605; St. Louis S.W. Ry. Co. v. Gammage (Tex.Civ.App.) 96 S.W. 645; Dupree v. Alexander, 29 Tex. Civ.App. 31, 68 S.W. 739; San Antonio, etc., Ry. Co. v. Belt (Tex.Civ.App.) 46 S.W. 374; Missouri, K. & T. Ry. Co. v. Jamison, 12 Tex.Civ.App. 689, 34 S.W. 674; Western Union Tel. Co. v. Apple (Tex.Civ.App.) 28 S.W. 1022. See, also, Brown v. Sullivan, 71 Tex. 470, 10 S.W. 288. Other, and mostly later, cases supporting the proposition may be cited as follows: Liner v. United States Torpedo Co. (Tex.Com.App.) 12 S.W.(2d) 552; Roscoe, S. & P. Ry. Co. v. Taylor (Tex.Civ.App.) 191 S.W. 1175; Dunn v. Texas Coca-Cola Bottling Co. (Tex.Civ. App.) 84 S.W.(2d) 545; Northcutt v. Magnolia Pet. Co. (Tex.Civ.App.) 90 S.W.(2d) 632; Leonard Bros. v. Zachary (Tex.Civ. App.) 94 S.W.(2d) 509; Texas P. C. & O. Co. v. Robertson (Tex.Civ.App.) 39 S.W. (2d) 912.

■ Aside from his cross-action, the defendant's pleading consisted only of a general demurrer and general denial. If, therefore, he pleaded contributory negligence, he did so as a part of the cross-action. We think the allegations of negligence, on the part of plaintiff's driver, appearing in the cross-action, ought not to be considered as a plea of contributory negligence. Certain it is that they did not purport to be such. That, however, it may be granted is not a conclusive test. In order properly to interpret averments of negligence, proximate cause, etc., it is well to consider the duties involved. It is elementary that if there be no duty there can be no negligence. If an act or omission of a person be negligence, it is always because it involved a breach of duty owing to the person injured. Negligence of a defendant as an element in a cause of action for damages involves a breach of duty owing by the defendant to the plaintiff. On the other hand, contributory negligence of a plaintiff involves a breach of duty to himself. If the driver of plaintiff's truck was guilty of contributory negligence it consisted of a failure of duty to exercise ordinary care for the protection of himself and the property in his charge from injury. But, according to the allegations of defendant's cross-action, the negligence there charged was a breach of the duty of exercising ordinary care for the protection of defendant's property in charge of defendant's truck driver. Although both parties in their pleadings treated the fact of the collision as the injury, and for most practical purposes that was no doubt sufficient, yet, upon the question of the proper interpretation of the pleadings to determine whether the defendant specially pleaded contributory negligence, the true view is that two distinct injuries were involved— one to plaintiff's truck and the other to defendant's truck.

■ The purpose of the requirement that contributory negligence be specially pleaded by the defendant is to apprise the plaintiff of defendant's purpose to rely upon that defense, and to enable him to prepare to meet it. Plaintiff, upon a reading of defendant's pleading in this case, had the right to assume that, if he could completely rebut the existence of any single essential element in defendant's alleged cause of action, or if the defendant failed to establish the same, he would be entitled to a judgment provided only he established all the elements of his alleged cause of action against the defendant. He procured findings establishing the elements of his cause of action against the defendant. He disproved, or the defendant failed to prove, or at any rate failed to establish by the verdict of the jury, essential elements of defendant's cause of action against the plaintiff. The judgment against the plaintiff denying him any recovery rests solely upon the findings upon issues that involved no breach of duty on the part of plaintiff to exercise care to prevent injury to his own truck. In our opinion, a judgment finally concluding plaintiff's rights should not be given based only upon such grounds.

■ The special verdict of the jury did not include a finding that driving defendant's truck to the left of the middle line of the road at the time and place of the collision was negligence. The view was no doubt entertained by all parties that it was negligence per se. No point is made of this matter, and we only mention it here to save a possible question in future proceedings in the case. If the fact that one drives a motor vehicle to the left of the middle of a public road is relied upon as negligence per se, the pleadings, evidence, and issues, we think, should establish the necessary conditions, if any, to make it so. There would seem to be no unconditional statutory prohibition against driving on the left-hand side of the road. Assuming, without deciding, that Penal Code, art. 801,

subd. (A), may be effective to render travel upon the left-hand side of a road negligence per se, we think it should appear from the pleadings and evidence in accordance with the terms of said statute that it was practicable at the time and place in question to travel upon the right-hand side, and/or the road on the left-hand side was not clear and unobstructed for a distance of at least 50 yards ahead.

It is our view that this case was not tried and judgment rendered upon a correct theory of law, that the verdict of the jury in the light of the undisputed evidence was conflicting in its parts, that the judgment should be reversed and the cause remanded, and it is accordingly so ordered.